IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff-Respondent,  v.  WESLEY WAGNER,  Defendant-Petitioner. | Case No. 17-40097-01-DDC |

## MEMORANDUM AND ORDER

In 2018, a jury convicted defendant Wesley Wagner of receiving and possessing child pornography, violating 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). *See* Doc. 73. On April 1, 2019, the court sentenced Mr. Wagner to 96 months' imprisonment, followed by five years of supervised release. Doc. 101 at 2, 3. On May 24, 2021, Mr. Wagner filed a Motion to Vacate his sentence under 28 U.S.C. § 2255, raising four claims of ineffective assistance of counsel by his trial counsel, Trevor D. Riddle. *See generally* Doc. 121.

This matter is before the court on the government's Motion to Compel Mr. Riddle. It seeks an Order requiring him to provide an affidavit addressing Mr. Wagner's claims for ineffective assistance of counsel (Doc. 125). In response, Mr. Riddle has asked the court to deny the motion or, alternatively, to issue an order limiting the information he must disclose. *See generally* Doc. 133; *see also* Doc. 133-1 (Ex. A) (listing questions the government asked Mr. Riddle to answer in his affidavit). Mr. Wagner doesn't take a position on this matter. After hearing argument from the parties and reviewing their papers, the court grants the motion, subject to certain limits, for reasons explained below.

"When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 977–78 (10th Cir. 2009). But this waiver isn't absolute. The Tenth Circuit has cautioned district courts facing this situation to "'impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'" *Id.* at 978 (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc)). Indeed, when a district court "compel[s] a new declaration or the production of notes from an attorney" to respond to allegations of ineffective assistance of counsel, the court should "carefully tailor[ ]" its order to "protect prisoners' Sixth Amendment rights." *Id.* at 979; *see also id.* (expressing concern with a district court order that "did little to indicate precisely what information the attorney was required to disclose, other than to refer generally to the claims of ineffective assistance of counsel"). Our court recently has followed this direction by carefully policing the boundaries of an implied waiver in a case like this one. *See United States v. McPherson*, No. 19-10078-01-EFM, 2021 WL 764568, at *2 (D. Kan. Feb. 26, 2021) (ordering trial counsel to respond by affidavit to government questions that were "carefully tailored to respond to the allegations [of ineffective assistance of counsel] . . . while continuing to protect [defendant's] Sixth Amendment rights," but excluding a question that was "disturbingly broad and vague" and potentially irrelevant to the defendant's claims).

Here, Mr. Wagner's claims implicate certain communications between him and Mr. Riddle, as well as Mr. Riddle's strategic choices while representing Mr. Wagner at trial. Generally, Mr. Wagner argues that counsel "was prejudiced against [him] because of his charge." Doc. 121 at 9. This general claim takes three specific forms: (a) counsel "was

prejudiced at pre-trial" and so failed to investigate or "utilize experts," *id.* at 11, 13; (b) counsel "was prejudiced at trial" and so he failed to present evidence of a computer specialist, failed to call any potential alibi witnesses, failed to present Mr. Wagner's testimony on his own behalf, and failed to present character witnesses, *id.* at 13–14; and (c) counsel "was prejudiced on appeal" and shouldn't have served as Mr. Wagner's appellate counsel, *id.* at 15. In an Affidavit attached to his § 2255 Motion, Mr. Wagner goes into more detail about trial counsel's alleged deficiencies. *See id.* at 22–23.

Under *Pinson*, the court finds that Mr. Wagner impliedly has waived his attorney-client privilege by raising claims of ineffective assistance of counsel that place his communications with Mr. Riddle at issue. So, the court grants the government's Motion to Compel and orders Mr. Riddle to provide an affidavit responding to the government's proposed questions listed in Exhibit A, which Mr. Riddle attached to his Response. *See* Doc. 133-1. But, mindful of *Pinson*'s concerns and its direction to police the boundaries of the implied waiver closely, the court will impose certain precautions to "carefully tailor[ ]" its Order. 584 F.3d at 979.

The court agrees with Mr. Riddle that a few of the government's proposed questions are open-ended and call for a narrative response. *See, e.g.*, Doc. 133-1 at 1 ("Please list any independent investigation you conducted to determine whether or how to challenge the government's evidence."); *see also id.* at 1–2 (questions asking counsel to explain his reasoning in taking or not taking a certain action like "If so, why?" and "If not, why not?"). The court concludes the narrative responses to these questions *may* implicate certain privileged communications or protected work product that exceed the scope of Mr. Wagner's ineffective assistance claims. To avoid disclosure of potentially protected materials, the court will evaluate these narrative responses in camera and determine whether the responses are relevant to Mr.

3

Wagner's claims and thus within Mr. Wagner's implied waiver of his attorney-client privilege. The Tenth Circuit has approved this procedure as a satisfactory way to "carefully tailor[ ]" an order compelling an attorney's affidavit about their representation of a client. *Pinson*, 584 F.3d at 979 (citing *Johnson v. Alabama*, 256 F.3d 1156, 1168 n.4 (11th Cir. 2001) (affirming where district court evaluated attorney-client communications in camera "to determine whether and to what extent appellant's communication presumptively protected by the attorney-client privilege is relevant to the specific ineffective assistance of counsel claims raised by appellant in his habeas petition" (internal quotations omitted))).

On the other hand, the court is not concerned with questions calling for a "yes" or "no" answer. *See, e.g.*, Doc. 133-1 at 1 ("Did you consider calling character witnesses at trial?"); *see also id.* ("Did you investigate the petitioner's claims that he was at medical appointments when the computer was accessed?"). The court concludes that the government carefully has tailored these questions to the claims raised by Mr. Wagner's § 2255 Motion and thus the answers to these questions are within the scope of his implied waiver. So, the court doesn't need to review those responses in camera.

With these conclusions in mind, the court finds that the following procedure is most efficient: The court orders Mr. Riddle to file an unredacted version of his Affidavit under seal for in camera examination by the court. Mr. Riddle should not serve or otherwise provide this information to the government.[1]

---

[1] In contrast, the court directs Mr. Riddle to serve this unredacted Affidavit on Mr. Wagner's counsel. The privilege belongs to Mr. Wagner and providing information protected by the privilege to Mr. Wagner and his current counsel won't waive his privilege. *See United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) (explaining that the client holds the privilege and waives it by "'disclos[ing] the substance of an otherwise privileged communication to a third party'" (quoting *In re Qwest Commc'ns Int'l. Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006))).

The court also orders Mr. Riddle to file a redacted version of his Affidavit redacting his answers to the following questions from Exhibit A, which the court concludes call for a narrative response[2]:

- Question 1 ("Please list any independent investigation you conducted to determine whether or how to challenge the government's evidence.")

- The portions of questions 3(c), 4(a), 4(b), 5(a), and 6 asking the follow-up question, "If not, why not?"

- The portion of question 7(a) asking the follow-up question, "If so, why?"

- The portion of question 7(b) asking the follow-up question, "If so, what was your reasoning?"

- Question 8(a) ("What were their names [potential witnesses] and why didn't you call them to testify at trial?")

- Questions 9(a) and 10(a) ("If not, why not?)

- Question 11(a) ("If so, what was the basis for your opinion?")

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Motion to Compel (Doc. 125) is granted, subject to the limitations and procedures outlined by this Order.

**IT IS SO ORDERED.**

**Dated this 2nd day of November, 2021, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**

---

[2] The court concludes that any question not listed calls for a "yes" or "no" answer and thus is within the scope of the implied waiver. Mr. Riddle should not redact his answers to those questions. Also, if Mr. Riddle wants to file this redacted Affidavit under seal, he can file a motion with the court asking for leave to file under seal.