IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff-Respondent,** v. WESLEY WAGNER, **Defendant-Petitioner.** | Case No. 17-40097-01-DDC |

### MEMORANDUM AND ORDER

In a previous Order (Doc. 137), the court granted the government's Motion to Compel Trevor D. Riddle to provide an Affidavit addressing claims that defendant Wesley Wagner asserts in his pending motion under 28 U.S.C. § 2255. The court assumes familiarity with this recent Order, but briefly summarizes it here. In it, the court found that Mr. Wagner "impliedly has waived his attorney-client privilege by raising claims of ineffective assistance of counsel that place his communications with Mr. Riddle at issue." Doc. 137 at 3. As a result, the court ordered Mr. Riddle to file an Affidavit responding to certain questions posed by the government about Mr. Wagner's claims.

But that's when things got a bit complicated. The court concluded that questions calling for a "yes" or "no" answer were tailored carefully to Mr. Wagner's ineffective assistance claims, and so they fell within the scope of the implied waiver. In contrast, the court concluded that questions calling for a narrative response "*may* implicate certain privileged communications or protected work product that exceed the scope of Mr. Wagner's ineffective assistance claims." *Id.* at 3. So, the court ordered Mr. Riddle to file his Affidavit in two forms. *First*, the court ordered Mr. Riddle "to file an unredacted version of his Affidavit under seal for in camera examination

by the court" to determine whether any of Mr. Riddle's narrative responses fell beyond the scope of the limited waiver. *Id.* at 4. The court specified that "Mr. Riddle should not serve or otherwise provide this information to the government." *Id.* *Second*, the court ordered Mr. Riddle to file a redacted version of his Affidavit redacting his answers to those questions calling for a narrative response, but to leave the "yes" or "no" segments of his answers unredacted. *Id.* at 4–5 & n.2. The court told Mr. Riddle that if he wanted "to file this redacted Affidavit under seal, he c[ould] file a motion with the court asking for leave to file under seal." *Id.* at 5 n.2. Mr. Riddle did just that—but he also asked for more.

Before the court is Mr. Riddle's Motion for Leave to File Redacted Affidavit Under Seal and Motion for a Protective Order (Doc. 138). In it, Mr. Riddle asks for three things: (1) leave to file the redacted Affidavit under seal; (2) permission not to serve the redacted Affidavit on the government; and (3) a protective order precluding the government and its representatives from using the redacted Affidavit for anything other than "litigating Mr. Wagner's federal habeas petition." Doc. 138 at 4.

The court grants the *first* portion of Mr. Riddle's motion—the part requesting leave to file the redacted Affidavit under seal. Mr. Riddle has a continuing duty under Kansas Rule of Professional Conduct 1.6 to limit disclosure of information relating to his representation of Mr. Wagner. The court recognizes that duty as a sufficient reason to allow Mr. Riddle to file his redacted Affidavit under seal.

But the court denies the *second* portion of Mr. Riddle's motion asking for permission not to serve his redacted Affidavit on the government. Mr. Riddle argues that the "yes" or "no" answers in the redacted Affidavit may still implicate Mr. Wagner's Sixth Amendment rights. Doc. 138 at 2–4. They may, but Mr. Wagner is the person who chose to present the claims and

2

they implicate his privilege. The court already has concluded "that the government carefully has tailored [the 'yes' or 'no'] questions to the claims raised by Mr. Wagner's § 2255 Motion and thus the answers to these questions are within the scope of [Mr. Wagner's] implied waiver" of his attorney-client privilege. Doc. 137 at 4. The answers to those questions are relevant to the government's ability to respond to Mr. Wagner's § 2255 Motion. And so, the government deserves access to those answers. Thus, following our court's usual procedures under D. Kan. Rule 5.4.6(a)(4), the court will allow Mr. Riddle to file his redacted Affidavit under seal. But the court orders him to provide that document "to all other parties in the case." D. Kan. Rule 5.4.6(a)(4).

Finally, the court grants the *third* aspect of Mr. Riddle's motion. It seeks a protective order. In *Bittaker v. Woodford*, the Ninth Circuit recognized that the "narrow waiver" of the attorney client privilege in this context "is not self-enforcing." 331 F.3d 715, 727 (9th Cir. 2003). Thus, whenever a district court determines, as it has here, that the government should access certain attorney-client communications falling within the scope of an implied waiver, the district court holds the "obligation . . . to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding[.]" *Id.* at 727–28. *Bittaker* holds that a district court satisfies that obligation by entering a "protective order precluding use of the privileged materials for any purpose other than litigating the federal habeas petition[.]" *Id.* at 717; *see also id.* at 728 ("The district court was entirely justified in entering the protective order that is the subject of this appeal; indeed, it would have abused its discretion had it done otherwise.").

In the leading case in our Circuit on this issue, the court of appeals cited *Bittaker* with approval—and directly quoted *Bittaker*'s admonition that district courts "'must impose a waiver

3

no broader than needed to ensure the fairness of the proceedings before it.'" *United States v. Pinson*, 584 F.3d 972, 978–79 (10th Cir. 2009) (quoting *Bittaker*, 331 F.3d at 720). Mindful of that direction from the Circuit, the court grants Mr. Riddle's request for a protective order. The court thus enters a protective order precluding use of Mr. Riddle's affidavit for any purpose other than litigating Mr. Wagner's federal habeas petition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Riddle's Motion for Leave to File Redacted Affidavit Under Seal and Motion for a Protective Order (Doc. 138) is granted in part and denied in part. Mr. Riddle may file the redacted Affidavit under seal, but he must serve the redacted Affidavit on the government.

**IT IS FURTHER ORDERED BY THE COURT THAT** the government and its representatives may not use Mr. Riddle's Affidavit (in its current redacted form or in any other future form that may include more information) for any purpose other than litigating Mr. Wagner's federal habeas petition.

**IT IS SO ORDERED.**

**Dated this 22nd day of November, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
