IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Respondent,<br><br>v.<br><br>WESLEY WAGNER,<br><br>             Defendant-Petitioner. | Case No. 17-40097-01-DDC |

### MEMORANDUM AND ORDER

This is the court's third entry in a trilogy of orders addressing the government's Motion to Compel Mr. Trevor Riddle to provide an Affidavit addressing defendant Wesley Wagner's claims of ineffective assistance of counsel (Doc 125).

In the first entry, the court found that Mr. Wagner impliedly had waived his attorney-client privilege by placing certain communications with Mr. Riddle, his trial counsel, at issue. *See generally* Doc. 137.  So, the court granted the government's Motion to Compel, subject to certain limitations.  Specifically, the court ordered Mr. Riddle to provide an Affidavit responding to questions posed by the government but ordered him to redact his answers to questions calling for a narrative response.  The court determined that it needed to review those narrative answers in camera to ensure they didn't go beyond the scope of Mr. Wagner's implied waiver of his attorney-client privilege.  At the same time, the court ordered Mr. Riddle to file a redacted version of his Affidavit making visible his answers to questions calling for a "yes" or "no" answer.

In the second entry, the court denied Mr. Riddle's request not to serve the redacted version of his Affidavit on the government.  *See generally* Doc. 140.  But the court granted Mr.

Riddle's request to file his redacted Affidavit under seal, which he now has done. *See* Doc. 141. The court also granted Mr. Riddle's request for a protective order over the Affidavit, prohibiting the government from using the Affidavit or its contents in any proceeding other than Mr. Wagner's current § 2255 Motion.

Now, the court submits a third entry. Mr. Riddle has provided the court with an unredacted version of his Affidavit responding to Mr. Wagner's specific claims of ineffective assistance of counsel. The court has reviewed this Affidavit in camera and concludes that none of Mr. Riddle's answers stray beyond the scope of Mr. Wagner's implied waiver of his attorney-client privilege. That is, Mr. Riddle's Affidavit is "carefully tailor[ed]" to the specific claims of ineffective assistance of counsel raised by Mr. Wagner's § 2255 Motion. *See United States v. Pinson*, 584 F.3d 972, 979 (10th Cir. 2009); *see also id.* at 977–78 ("When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications.").

Specifically, Mr. Riddle's Affidavit responds directly to Mr. Wagner's claims that Mr. Riddle provided ineffective assistance of counsel by: (1) not pursuing an alibi defense, Doc. 121 at 14; (2) not calling a computer specialist to testify at trial, *id.* at 14; *see also id.* at 22 (Wagner Aff. ¶ 6(b)); (3) not calling Mr. Wagner or his wife to testify at trial, *id.* at 12, 14; (4) not pursuing a defense theory that Mr. Wagner's daughter's boyfriend was the actual offender, *id.* at 12; *see also id.* at 22 (Wagner Aff. ¶ 6(a)); and (5) personally handling Mr. Wagner's appeal by himself, *id.* at 15; *see also id.* at 23 (Wagner Aff. ¶ 8). The court thus concludes that the contents of Mr. Riddle's unredacted Affidavit, in their entirety, are within the scope of Mr. Wagner's implied waiver of his attorney-client privilege.

It is thus appropriate for Mr. Riddle to file his entire, unredacted Affidavit in this case's public docket. Doing so will facilitate the public's right to follow and understand the reasoning that leads the court to its decision. In other words, Mr. Wagner's allegations of ineffective assistance of counsel are in the public record; so, the public should also see Mr. Riddle's side of the story. But the court will give Mr. Wagner the chance to weigh in on this issue.

So, here's what the parties should do. The court orders Mr. Riddle to file his unredacted Affidavit **under seal** and serve the affidavit on the government and Mr. Wagner. If Mr. Wagner has any reason to oppose the public filing of Mr. Riddle's Affidavit, **he should show good cause to the court in writing within 20 days of the date of this Order**, explaining why the court shouldn't unseal the unredacted Affidavit. If Mr. Wagner doesn't show good cause, the court will unseal the unredacted Affidavit.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Motion to Compel (Doc. 125) is granted in full, without any limitation. But the court's previous protective order, *see* Doc. 140 at 3–4, continues to apply. The government and its representatives may not use Mr. Riddle's Affidavit for any purpose other than litigating Mr. Wagner's § 2255 Motion.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties confer about a briefing schedule to govern Mr. Wagner's § 2255 Motion and provide the court with a proposal by **Friday, January 7, 2022**.

**IT IS SO ORDERED.**

**Dated this 22nd day of December, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge